UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 23-20-DCR

UNITED STATES OF AMERICA            PLAINTIFF

V.            **PLEA AGREEMENT**

ALFREDO BERMEJO-MARTINEZ            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The Defendant will also admit to the forfeiture allegation in the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move the Court at sentencing to dismiss Counts 2-4 of the Indictment.

    2. The essential elements of Count 1 are:

        (a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor Victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

        (b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Victim 1 met Alfredo BERMEJO-Martinez online while playing a video game in late 2018 or early 2019, when she was approximately 13 years-old. Victim 1 resides in Fayette County, in the Eastern District of Kentucky, and BERMEJO-Martinez resides in New Jersey. The communication between Victim 1 and BERMEJO-Martinez continued over the next couple of years.

(b) In approximately September of 2020, when she was 15 years-old, Victim 1 stated Alfredo BERMEJO-Martinez began to ask her to take topless and naked photos of herself and send them to him via phone or Snapchat. Victim 1 acknowledged that she took and sent the requested images to BERMEJO-Martinez. Victim 1 also described Alfredo BERMEJO-Martinez asking for videos of her touching herself and stated that there were videos that Alfredo BERMEJO-Martinez sent back to Victim 1 of him touching himself.

(c) Victim 1 stated that Alfredo BERMEJO-Martinez eventually traveled via both airplane and car from his home in New Jersey to Lexington to see her. Airbnb records confirm that BERMEJO-Martinez traveled to Lexington on four occasions: February 2021, April 2021, April 2022, and May 2022. Victim 1 stated she was subjected to sexual activity with Alfredo BERMEJO-Martinez during BERMEJO-Martinez's first three visits to Lexington. Two of Alfredo BERMEJO-Martinez's trips to Lexington, in February and April of 2021, were at a time when the victim was 15 and BERMEJO-Martinez was 23.

(d) In April 2022, Victim 1 ended the relationship with BERMEJO-Martinez. After the break-up, BERMEJO-Martinez began to threaten Victim 1 and her family with the release of nude images of Victim 1. As a result, Victim 1's family contacted law enforcement and a search warrant was obtained for BERMEJO-Martinez's home and electronic devices. A search warrant was also obtained for BERMEJO-Martinez's Snapchat account.

(e) The Snapchat search warrant return revealed four sexually explicit videos of Victim 1. The first video, listed as 4 minutes and 39 seconds, shows Victim 1 with her hand on her vagina, purportedly masturbating. The second video, listed as 29 seconds, shows Victim 1's vagina with her hand near her stomach appearing to move towards her vagina. The third video, listed as 21 seconds, shows Victim 1

holding the phone in front of a mirror without clothes on. The "play button" and "0:21" tags are obstructing her pubic area however it appears to show her bare vagina. The fourth video, listed as 21 seconds, shows the Victim 1's hand with her middle finger and ring finger penetrating her vagina, purportedly masturbating. The camera is very close to the victim's pubic area.

(f) The search of BERMEJO-Martinez's phone also revealed five sexually explicit videos of Victim 1. In these videos, Victim 1 and BERMEJO-Martinez are on a Facetime call which was recorded. In some of these videos, Victim 1 is shown masturbating and BERMEJO-Martinez's face and penis can also be seen on the screen.

(g) BERMEJO-Martinez admits that all of the videos above were created while Victim 1 was a minor and that he used, induced, enticed, persuaded, and coerced the minor victim to engage in sexually explicit conduct, including masturbation, for the purpose of creating a visual depiction of that conduct. The Defendant further admits that the production of these videos occurred in Fayette County, in the Eastern District of Kentucky and that the videos were produced using an iPhone 11 or a Samsung cellphone, both of which were produced and shipped in interstate or foreign commerce prior to their use in the offense and that the videos themselves were transmitted in interstate commerce via a means or facility of interstate commerce, that is the internet.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $ 250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover,

the Defendant acknowledges that, pursuant to 18 U.S.C. § 2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range. The U.S.S.G., November 1, 2021, manual guidelines are as follows:

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery, including all images of child sexual exploitation the Defendant possessed, received, distributed, or transported in interstate commerce.

    (c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (d) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 2 levels because the offense involved a minor who had attained the age of 12 but had not attained the age of 16.

    (e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

    (f) Pursuant to U.S.S.G. § 4B1.5(b), add 5 levels to the offense level because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

    (g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(k) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that any identified minor depicted in child sexual exploitation material produced, possessed, distributed, or received by the Defendant will be entitled to restitution pursuant to this Plea Agreement and will have all rights conferred to victims, including allocution, even if they are not victims of the counts of conviction in this matter.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The United States is aware that the Commonwealth Attorney's Office in Fayette County, Kentucky has offered that, if the Defendant enters this plea agreement, it will allow the Defendant to plead guilty to Count 6 of the Fayette County Criminal Circuit Court 8th Division Indictment No. 23-CR-208, with Counts 1-5 and 7-8 to be dismissed. The offer states that the punishment for Count 6 will be 2 years imprisonment, which would run concurrently with the Defendant's federal sentence in this case. The United States is not a party to this agreement.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a

nexus exists between the property and the offense of conviction, as set out in the forfeiture allegation of the Indictment. The Defendant waives all any and all provisions set forth in Rule 32.2 regarding the timing of forfeiture orders.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of the execution of this plea agreement, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under

18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 3/23/23        By: _____
                          Erin M. Roth
                          Assistant United States Attorney

Date: 3/27/2023           _____
                          Alfredo Bermejo-Martinez
                          Defendant

Date: 3/27/23             _____
                          Abe Mashni
                          Attorney for the Defendant

9