UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 5:23-CR-020-DCR-01

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | |
| ALFREDO BERMEJO-MARTINEZ | DEFENDANT |

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIENCE**

Comes now the Defendant, Alfredo Bermejo-Martinez (hereinafter "Mr. Bermejo-Martinez"), by and through undersigned counsel, and submits the following Sentencing Memorandum in support of his request for a sentence below the recommended advisory guideline range.

## I.
## INTRODUCTION

Mr. Bermejo-Martinez, a young man of 25 years, is facing a recommended sentencing range of 292 months to 360 months, which falls at the apex of the statutory minimum and maximum of 15 to 30 years. *18 U.S.S.G. § 2251(e)*. Mr. Bermejo-Martinez entered a timely guilty plea to Count 1 of the indictment, while the Government moved to dismiss Counts 2 and 3. In doing so, Mr. Bermejo-Martinez has both admitted his responsibility for the instant offense as well as for his participation in it.

The purpose of this Sentencing Memorandum is not to excuse or minimize Mr. Bermejo-Martinez's actions; but rather to demonstrate that a sentence of 180-months is appropriate and satisfies all the statutory requirements provided in 18 U.S.C. §3553(a). Mr. Bermejo-Martinez has

one unresolved objection to the recommended PSR. While that objection has a direct impact on the final sentencing guidelines, the purpose of this Memorandum is to shed light on Mr. Bermejo-Martinez's mitigating characteristics in a request to receive a 180-month sentence, which represents the statutory minimum.

## II.

## CIRCUMSTANCES OF THE OFFENSE

When Mr. Bermejo-Martinez was approximately (20) years old, he met (13) year-old Victim while playing video games online. The two remained in touch for about two years following their initial meeting. In late 2020, Mr. Bermejo-Martinez (22-years-old) and Victim (15-years-old) began a romantic relationship. As a result of that romantic relationship, both parties would communicate frequently via social media apps, phone calls, text messages, and video chats carrying on a long-distance relationship. In addition, both individuals began sending nude photographs and videos back and forth. The subject matter of the instant offense, four sexually explicit videos of Victim, became known to law enforcement officers in the aftermath of the breakup between Mr. Bermejo-Martinez and Victim, which occurred in April of 2022 when Mr. Bermejo-Martinez was 24-years-old, and Victim was 17-years-old.

In the aftermath of the breakup, Mr. Bermejo-Martinez was hurt and heartbroken. In that heartbroken state of mind, combined with admitted immaturity, Mr. Bermejo-Martinez sent messages to Victim's parents. He should not have done that. He knows that he should not have done that and very much regrets his actions.

Prior to entering is guilty plea, Mr. Martinez was arrested by local authorities in Passaic, New Jersey and extradited to Kentucky. On November 3, 2022, he was released on bond in the underlying state matter but remained detained pursuant to an Immigration and Customs

Enforcement (ICE) Detainer. While in ICE custody, Mr. Bermejo-Martinez was slated to be deported. However, before the deportation occurred, he was arrested in the instant case and taken into U.S. Marshal custody on January 30, 2023. Thus, Mr. Bermejo-Martinez has remained incarcerated since his original arrest on September 14, 2022.

### III.

### CHARACTERISTICS OF THE OFFENDER

While the PSR has covered these considerations generally, Mr. Bermejo-Martinez wishes to offer additional detail regarding his background. Mr. Bermejo-Martinez is an illegal alien who arrived to this country when he was only four years old. At that young age, he did not have a "say" or a "vote" on whether to enter into the country illegally. Everything that he knows and remembers in life has been in the United States. While he did not experience abuse or neglect in the home during his childhood, he did lack the presence of a male figure when his father and mother separated separated several years ago. The lack of a male role model may explain the maturity issues that gave rise to his actions upon separating from Victim.

Mr. Bermejo-Martinez's history and characteristics are largely mitigating. Prior to the instant offense, Mr. Bermejo-Martinez had zero interactions with law enforcement. He was a hard-working and financially provided for his family, including younger siblings, at a very young age. He has a strong support system as evidenced by the attached letters on his behalf. Finally, he has no substance abuse issues to speak of.

Mr. Bermejo-Martinez has shown deep remorse for his actions that have led him to the instant prosecution. He has accepted responsibility for his actions quickly. In addition, he has suffered depression and anxiety while incarcerated in the jail mainly due to the hurt he has caused to the Victim, her family, and his family.

## IV.

## STATUTORY SENTENCING OBJECTIVES

The primary directive in 18 U.S.C. § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph two." §3553(a)(2) states that such purposes are:

(a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(b) To afford adequate deterrence to criminal conduct;

(c) To protect the public from further crimes of the defendant; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The United States Probation Office has recommended Mr. Bermejo-Martinez receive total offense level of 40, with a criminal history category I. As a result, Mr. Bermejo-Martinez is facing a sentencing guideline range of 292-360 months. Mr. Bermejo-Martinez is facing a statutory minimum sentence of fifteen (15) years and a statutory maximum sentence of thirty (30) years. *18 U.S.S.G. §2251(e)*. It is a fundamental keystone of sentencing "for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) quoting *Koon v. United States,* 518 U.S. 81, 113 (1996). Additionally, the Court has the authority to impose a sentence below the guidelines after considering the factors defined in 18 U.S.C. §3553(a).

By the time Mr. Bermejo-Martinez was (20) years old, he knew he would never attend college due to his family's financial situation. Angel Reyes. *Letter to Judge Reeves*, paragraph 2. Upon graduating from high school, and instead of being able to fulfill this dream like so many

young men and women around him, Mr. Bermejo-Martinez entered the workforce with the goal of helping his younger sibling attend college instead. *Id*. While Mr. Bermejo-Martinez shouldered many responsibilities in his efforts to help provide for his family, he did not have the opportunity to mature along with his peers. His retaliation to the ending of his relationship reflects this immaturity.

District courts have varied downward in sentencing where a defendant, regardless of criminal history points, has not previously served a significant custodial term. See *United States v. Collington*, 461 F.3d 805 (6th Cir. 2006) (upholding sixty-month downward variance in part because defendant had only been incarcerated for seven months prior to his crime, despite being in Criminal History Category IV). Prior to this offense, Mr. Bermejo-Martinez has not been incarcerated, as he is a first-time offender. For someone who has never served a prison sentence nor jail time, a 180-month prison sentence poses a substantially likelihood of deterrence.

The consequence of deportation mitigates the amount of imprisonment necessary to punish. *See United States v. Mendez-Velarde*, 798 F. Supp. 2d 1249 (D.N.M. 2011) (varying downward eighty months for myriad reasons, including defendant's deportation following his sentence). *See also Jordan v. De George,* 341 U.S. 223, 232 (1951) (Jackson, J., dissenting) (deportation is "a life sentence of banishment in addition to the punishment which a citizen would suffer from the identical acts."). Furthermore, aliens face more severe restrictions in prison than non-aliens. *See United States v. Navarro-Diaz,* 420 F.3d 581 (6th Cir. 2005) (illegal reentry case remanded in light of *Booker* where district court noted that defendant would be punished more than a citizen due to ineligibility for halfway-house placement). Deportation also mitigates the need to impose a long prison sentence for deterrence or protection of the public. Mr. Bermejo-Martinez is an illegal alien,

who faces certain deportation upon release from BOP custody. As previously noted, this status disqualifies him from many BOP programs, including the eligibility of early release.

In cases where there are many mitigating circumstances, a judge may depart based on the totality of these circumstances. *See e.g., United States v. Martin,* 520 F.3d 87 (1st Cir. 2008) (affirming ninety-one-month downward variance/departure based on the defendant's over-representative criminal history, the significant downward variances granted to co-conspirators, the defendant's renouncement of his bad ways and religious conversion during the two years of post-arrest incarceration, and the defendant's unusually supportive family). If one thing is certain, it is that Mr. Bermejo-Martinez has exhibited many mitigating circumstances.

Finally, and considering the sentencing factors, the United States Sentencing Commission Judiciary Sentencing Information (JSIN) indicates that, of (124) similarly situated defendants to Mr. Bermejo-Martinez sentenced under USSG §2G2.1 from 2018-2022, 56% of those defendants received a downward departure or variance, with a median sentence length of 240 months, nearly five years below Mr. Bermejo-Martinez's guidelines range. *See Attached Report*.

In 2022, twenty-three (23) individuals were sentence on child pornography charges in Kentucky. Of those, nine (9) individuals received either a downward departure or downward variance relative to their guideline range. *See Attached - U.S. Sentencing Commission, 2022 Datafile, USSCFY22*.

## VI.

## CONCLUSION

Thus, considering the applicability of Guidelines §4B1.5, or in the alternative, each of the §3553(a) factors as well as the JSIN, Mr. Bermejo-Martinez respectfully requests this Honorable

Court to consider the factors laid out above to vary downwards from the recommended guidelines sentence and impose a just and appropriate sentence of 180 months.

Respectfully submitted,

/s/ Abraham Mashni
ABRAHAM MASHNI
271 W. Short St. #506
Lexington, KY  40507
(859) 201-3550
abe@kycriminaldefense.com
*Attorney for Mr. Bermejo-Martinez*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF on this, the 14th day of January 2023, which will cause electronic notice of the same to be served upon all parties.

/s/ Abraham Mashni
ABRAHAM MASHNI
*Attorney for Mr. Bermejo-Martinez*