UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 23-20-DCR

UNITED STATES OF AMERICA                                                             PLAINTIFF

V.        UNITED STATES'S MEMORANDUM REGARDING
          UNRESOLVED PSR OBJECTIONS

ALFREDO BERMEJO-MARTINEZ                                                          DEFENDANT

\* \* \* \* \*

The Defendant objects to the imposition of a five-level increase to his total offense level pursuant to United States Sentencing Guideline § 4B1.5(b)(1), which applies when Defendants convicted of certain covered offenses engage in a pattern of activity involving prohibited sexual conduct.  Because the Defendant's conviction is for a covered sex crime and because he engaged in a pattern of "prohibited sexual conduct," the guideline was properly applied and his objection should be overruled.

Sentencing Guideline § 4B1.5(b)(1)

Sentencing Guideline § 4B1.5(b)(1) provides for a five-level increase in the offense level if three conditions are satisfied: first, "the defendant's instant offense of conviction is a covered sex crime"; second, "neither § 4B1.1 nor subsection (a) of this guideline applies"; and third, "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1).

Application Note 4(A) of Section 4B1.5(b)(1)  explains that

1

> "prohibited sexual conduct" means any of the following:
>     (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B);
>     (ii) the production of child pornography; or
>     (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography.

*Id.* cmt. n.4(A). In turn, 18 U.S.C. § 2426(b)(1)(A)-(B) expressly includes any "offense— (A) under this chapter, chapter 109A, chapter 110, or section 1591; or (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2426(b)(1)(A)-(B). The application note defines "a pattern of activity" as occurring where a defendant engaged in "prohibited sexual conduct [ . . . ] on at least two separate occasions." § 4B1.5(b)(1) cmt n.4(B).

## Discussion

Bermejo-Martinez's conduct clearly satisfies the requirements necessary to impose the five-level increase in the offense level pursuant to Sentencing Guideline § 4B1.5(b)(1). He was convicted of production of child pornography, which is a "covered sex crime." *See id.* cmt. n.2. Moreover, it is undisputed that the Bermejo-Martinez committed multiple instances of "prohibited sexual conduct." The Defendant engaged in multiple instances of producing child pornography when he successfully encouraged the victim to send him sexually explicit images and engage in sexually explicit conduct that he recorded. Moreover, the Defendant engaged in prohibited sexual conduct when he traveled from New Jersey to Kentucky, twice, to engage sexual activity with the then fifteen-year-old victim.

2

Notably, Bermejo-Martinez does not attempt to argue that his conduct does not satisfy the unambiguous requirements set forth in the guideline for its application. Instead, Bermejo-Martinez argues that the enhancement should not apply because the background to the enhancement states that the guideline applies to repeat and dangerous sex offenders and he does not fit the definition of "dangerous." This argument should be rejected.

The United States Sentencing Commission has explicitly defined who constitutes a "repeat and dangerous sex offender" by setting forth the requirements for application of the enhancement described in § 4B1.5. Bermejo-Martinez qualifies under the plain language of the enhancement and, thus, the analysis should end. Bermejo cites no authority that district courts should, in cases where the qualifications for application of the enhancement are clearly met, engage in a subjective analysis about which offenders are actually dangerous prior to applying the enhancement. Instead, the United States Sentencing Commission has determined that the offenders that meet the requirements for the enhancement are, by definition, repeat and dangerous sex offenders.

Bermejo-Martinez's reliance on the discussion of differentiating levels of danger between repeat sex offenders in *United States v. Poynter*, 495 F.3d 349 (6th Cir. 2007), is misplaced. In *Poynter*, an enhancement pursuant to § 4B1.5 was applied without issue. *Id*. Instead, the court's analysis focused on the district court's failure to differentiate between offenders under 18 U.S.C. § 3553 when applying the statutory maximum sentence because the defendant was a repeat sex offender. *Id*. Indeed, in criticizing this approach, the Sixth Circuit noted that "the Sentencing Commission promulgated the 'Repeat and Dangerous Sex Offender Against Minors' guideline precisely to address the

3

problem of recidivist sex offenders." *Id*. at 353.  Similarly, in *United States v. Babcock*, the Sixth Circuit upheld application of a § 4B1.5 enhancement despite the age of a prior conviction because it held the guideline was "an explicit directive to sentence repeat child sex offenders sternly." 753 F.3d 587, 592 (6th Cir. 2014). The court noted that the age of a prior conviction could, however, be considered under § 3553(a) when determining the appropriate sentence. *Id*. Simply put, while the court can, and should, consider a defendant's conduct, history, and future risk of danger as it relates to the relevant § 3553(a) factors and appropriate sentence, if a defendant's conduct qualifies for the sentencing enhancement pursuant to U.S.S.G. § 4B1.5(b)(1), it should be applied without the need for additional analysis.

      Bermejo Martinez also argues that the fact that he has an Immigration Detainer somehow alters the analysis of whether the guideline enhancement should apply.  Again, he cites no support for this proposition.  While this also is a factor the court may consider under the § 3553(a) factors in determining an appropriate sentence, it is not relevant as to whether an enhancement pursuant to § 4B1.5(b)(1) should be applied.

## Conclusion

      Bermejo-Martinez's objection to application of the sentencing enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) should be overruled.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By:   /s/ Erin M. Roth
        Assistant United States Attorney
        Eastern District of Kentucky
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507
        859-685-4872
        Erin.Roth@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on July 17, 2023, I electronically filed the foregoing with the clerk of court by using the CM/ECF filing system, which will send an electronic notice to counsel of record.

        /s/ Erin M. Roth
        Assistant United States Attorney