UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 23-CR-00020-DCR

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.         **UNITED STATES' RESPONSE TO
            DEFENDANT'S SENTENCING MEMORANDUM**

ALFREDO BERMEJO-MARTINEZ                                                            DEFENDANT

\* \* \* \* \*

Bermejo-Martinez pleaded guilty on April 14, 2023, to Count 1 of the Indictment, charging him with Using a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Image of that Conduct. [R. 22: Plea Agreement]. The Presentence Report calculates the Defendant's guideline range as 292 months to 365 months of imprisonment. PSR ¶ 52. However, because the statutory maximum sentence is 360 months, the effective range becomes 292 to 360 months. *Id*. Bermejo-Martinez argues for a sentence of 180 months, the minimum sentence allowed under statute. [R. 27: Defendant's Sentencing Memorandum.] The United States objects to this request.

A sentence of 180 months is not sufficient "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Bermejo-Martinez's conduct was unquestionably serious.

1

The victim reports that her interaction with Bermejo-Martinez began when she was approximately 13 years of age. By the age of 15, Bermejo-Martinez requested that the victim produce sexually explicit images of herself and send those images to Bermejo-Martinez, who was then 23 years of age. The request for sexually explicit material continued and included Bermejo-Martinez recording multiple video chats between the victim and Bermejo-Martinez, in which both the victim and Bermejo-Martinez were involved in sexually explicit conduct. In addition, Bermejo-Martinez traveled on multiple occasions to engage in sexual activity with the victim, including twice when the victim was 15 years old. Compounding the seriousness of this conduct, when the victim attempted to discontinue her "relationship" with Bermejo-Martinez, Bermejo-Martinez harassed the victim by threatening to reveal sexually explicit images of her to her family. This conduct was extremely distressing both to the victim and to her family.

      The United States does not contest many of the potentially mitigating factors highlighted in Bermejo-Martinez's sentencing memorandum, including the Defendant's youth, lack of criminal history, and the immigration consequences resulting from his conviction. While those factors may appropriately be considered by the court in fashioning an appropriate sentence, the significant variance requested by Bermejo-Martinez is not supported when considering the totality of the facts of the case and the § 3553(a) factors. Accordingly, the United States objects to the request for the imposition of a statutory minimum sentence in this matter.

        Respectfully Submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By: s/ Erin M. Roth
   Assistant United States Attorneys
   260 W. Vine Street, Suite 300
   Lexington, Kentucky 40507-1612
   (859) 685-4872
   Erin.Roth@usdoj.gov


<u>CERTIFICATE OF SERVICE</u>

On July 17, 2023, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.

        s/ Erin M. Roth
        Assistant United States Attorney